IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
WESTERN DIVISION

FILED BY _____ D.C.

05 JUL 25 PM 3: 30

THOMAS M. GOULD
CLERK, U.S. DISTRICT COURT
W/D OF TN, MEMPHIS

POWER & TELEPHONE SUPPLY          )
COMPANY, INC.,                    )
                                  )
     Plaintiff and                )
     Counter-Defendant,           )
                                  )
v.                                )          No. 03-2217 M1/V
                                  )
SUNTRUST BANKS, INC., SUNTRUST    )
BANK, SUNTRUST BANK-ATLANTA,      )
SUNTRUST BANK-NASHVILLE, N.A.,    )
SUNTRUST EQUITABLE SECURITIES     )
CORPORATION, and                  )
SUNTRUST CAPITAL MARKETS, INC.,   )
                                  )
     Defendants and               )
     Counter-Plaintiffs.          )

---

ORDER GRANTING IN PART AND DENYING IN PART
DEFENDANTS/COUNTERCLAIM PLAINTIFFS' APPLICATION FOR ATTORNEY'S
FEES

---

Before the Court is the Fee Application of

Defendants/Counter-Plaintiffs SunTrust Banks, Inc., et al.,

(collectively "SunTrust"), filed May 27, 2005. Plaintiff/Counter-

Defendant Power and Telephone Supply Company, Inc. ("Power and

Telephone") responded in opposition on June 13, 2005.  SunTrust

filed a reply on June 29, 2005.  Power and Telephone filed a sur-

reply on July 5, 2005.[1]  For the following reasons, SunTrust's

fee application is GRANTED in part and DENIED in part.

---

[1] The Court hereby grants Power and Telephone leave to file
its sur-reply.

This document entered on the docket sheet In compliance
with Rule 58 and/or 79(a) FRCP on _7-26-05_

372

## I. BACKGROUND

This action arose out of a financial transaction between the parties involving interest rate swap agreements.[2]  On May 10, 2005, the Court granted summary judgment in favor of SunTrust regarding all of Power and Telephone's claims in this case. (Order Granting Defs.' Mot. for Summ. J., May 10, 2005 (Docket No. 327).)  On May 11, 2005, the Court granted summary judgment in favor of SunTrust on its counterclaim against Power and Telephone for indemnification regarding costs and attorney's fees incurred in defending the instant litigation.  (Order Granting in Part and Denying in Part Pl.'s Mot. to Dismiss Defs.' Counterclaim for Indemnification and Order Granting Defs.' Mot. for Summ. J. Reg. Defs.' Counterclaim for Indemnification, May 11, 2005 (Docket No. 325).)  SunTrust subsequently filed the instant fee application in accordance with the Court's May 11, 2005, order.

## II. LEGAL STANDARD

The primary concern in an attorney's fee case is that the fee awarded be reasonable.  Reed v. Rhodes, 179 F.3d 453, 471 (6th Cir. 1999)(citing Blum v. Stenson, 465 U.S. 886, 893

---

[2] Detailed discussions of the facts underlying this case are contained in the Court's December 27, 2004, Order (Order Granting in Part and Denying in Part Defs.' Mot. to Dismiss of Dec. 27, 2004 (Docket No. 236)) and the Court's May 10, 2005, Summary Judgment Order. (Order Granting Defs.' Mot. for Summ. J., May 10, 2005 (Docket No. 327).)

2

(1984))[3].  "The party seeking attorneys fees bears the burden of documenting [its] entitlement to the award."  <u>Reed</u>, 179 F.3d at 472 (citing <u>Webb v. Dyer County Bd. of Educ.</u>, 471 U.S. 234, 242 (1985)).  A fee applicant is required to submit evidence supporting the hours worked and the rates claimed.  <u>Id.</u> (citing <u>Hensley v. Eckerhart</u>, 461 U.S. 424, 433 (1983)).  "Where the documentation of hours is inadequate, the district court may reduce the award accordingly."  <u>Id.</u> (quoting <u>Hensley</u>, 461 U.S. at 433).  A fee applicant must make a good faith effort to exclude from a fee request hours that are excessive, redundant, or otherwise unnecessary. <u>Hensley</u>, 461 U.S. at 434.  Further, "[h]ours that are not properly billed to one's client are not properly billed to one's adversary ...."  <u>Id.</u>

## III. ANALYSIS

SunTrust's entitlement to an award of costs and attorney's fees arises from indemnification provisions contained within several of the parties' contractual agreements.  In its fee application, SunTrust seeks a total of $1,054,651.16 in costs and attorney's fees in connection with the instant litigation.[4] Power and Telephone contends that SunTrust should only be granted

---

[3] Although <u>Reed</u> involved a fee award pursuant to 42 U.S.C. § 1988, the Court nonetheless finds its holding applicable to the instant case.

[4] In its reply to Power and Telephone's opposition, SunTrust requested an additional $11,355.50 in costs and attorney's fees, bringing its total fee request to $1,066,006.66.

fees in the amount of $593,805.55 because: (1) SunTrust has included in its request attorney's fees related to discovery motions on which SunTrust was not successful; (2) SunTrust's attorneys engaged in overstaffing and duplication of services; (3) SunTrust's attorneys improperly engaged in block billing; (4) SunTrust improperly seeks attorney's fees related to the time of SunTrust's in-house counsel; (5) SunTrust seeks attorney's fees billed at above the relevant local market rates; and (6) SunTrust seeks attorney's fees for which SunTrust was not billed.  The Court will address Power and Telephone's objections in turn.

## A. Time Expended Defending Discovery Motions

Power and Telephone contends that SunTrust's fee award should not include attorney's fees generated in unsuccessfully defending against certain of Power and Telephone's discovery motions.  Power and Telephone points to nothing in the plain language of the parties' indemnification agreements, however, that limits SunTrust's entitlement to attorney's fees to those motions on which SunTrust was successful.  Moreover, Plaintiff points to no authority within the Sixth Circuit for the premise that fees for unsuccessfully defended motions should be withheld from SunTrust's award.  Accordingly, the Court finds that it should not deduct from SunTrust's fee award fees relating to motions that SunTrust unsuccessfully defended.

## B. Overstaffing, Inadequate Presentation of Billing Records, and Redundancy

Power and Telephone next contends that SunTrust's fee request should be reduced because it overstaffed the case, presented inadequate billing records, and included redundant expenses.  The Court finds that no such reduction is appropriate.

With respect to the level of staffing provided, the Court finds that SunTrust did not overstaff the case.  As noted in SunTrust's reply, SunTrust's billing records indicate that fees for the work of three attorneys and one paralegal from the law firm of Sutherland, Asbill and Brennan, LLP ("Sutherland"), SunTrust's primary counsel, account for 91% of the total fees charged to SunTrust from that firm.  (See Reply Brief of Defs./Counterclaim Pls. in Supp. of Fee App. at 9.)  Moreover, based upon the total number of hours billed on behalf of SunTrust, the hours of the Sutherland attorneys and paralegal accounted for approximately 78% of the total hours billed to SunTrust.[5]

The Court further finds that the billing records submitted along with SunTrust's fee application adequately document the fees for which it was billed, and do not indicate that SunTrust's attorneys engaged in redundant billing.  Rather, the Court finds

---

[5] SunTrust included a total number of 2892.66 hours billed in its fee application. (See *infra*, Section IV(A).)  Those four Sutherland employees accounted for 2,241.54 of those hours – approximately 78% of the total hours billed. (See id.)

5

that the relative complexity of the legal issues in this case, as well as the significant number of documents and agreements involved, required significant expenditures of time and resources by the parties and the Court.  Accordingly, having reviewed the record and the parties' submissions, the Court finds that SunTrust's fee award should not be reduced due to purported overstaffing, inadequate billing records, or redundancy.

## C. **Block Billing and Redactions**

Power and Telephone also contends that SunTrust's fee request should be reduced by 10% because SunTrust redacted certain billing entries and engaged in block billing - in which several different tasks are grouped and billed in one large block of time.  Having reviewed the record and the parties submissions, however, the Court finds that neither SunTrust's redactions of certain billing entries nor its use of block billing has prevented the Court from adequately reviewing the reasonableness of its fee application.  Accordingly, the Court finds that no reduction due to redaction or block billing is appropriate.

## D. **Fees Associated with SunTrust's In-House Counsel**

Power and Telephone next contends that SunTrust's fee award should not include fees for the services of its in-house counsel. Scant authority exists in case law regarding the question of whether an award of attorney's fees is proper regarding the work of a salaried in-house counsel.  However, the Court finds the

6

reasoning of the Eleventh Circuit in <u>Burger King Corp. v. Mason</u>,
710 F.2d 1480, 1498-99 (11th Cir. 1983), persuasive as to this
question and adopts its holding herein.  In <u>Burger King</u>, the
Eleventh Circuit found that, in the absence of state law
precedent allowing an award of attorney's fees for the services
of in-house counsel, such fees are not recoverable except where
the in-house counsel actively tried the case, as opposed to
acting primarily as a liason between the client and opposing
counsel.  710 F.2d at 1498-99.  The affidavit of SunTrust's in-
house counsel, Kevin T. Roche, does not demonstrate that
SunTrust's in-house counsel actively litigated the case.  To the
contrary, SunTrust's fee petition demonstrates that outside
counsel litigated the case, and in-house counsel acted only as a
liason between SunTrust and its outside counsel.  Moreover,
SunTrust does not maintain billing records for services rendered
by its in-house counsel and therefore failed to provide any
documentation regarding the hours purportedly spent on the
instant case by its in-house counsel. (See Counterclaim Pls.' Fee
App., Ex. 2 (Aff. of Kevin T. Roche) ¶ 3.).  Finally, the plain
language of the parties' indemnification agreements does not
support SunTrust's contention that it is entitled to legal fees
for time spent by its salaried in-house counsel.[6]  Accordingly,

---

[6] In its May 11, 2005, order, the Court found that SunTrust
was entitled to indemnification under four separate provisions of
(continued...)

7

the Court finds that SunTrust's fee award should not include the requested $75,000 for in-house counsel fees.

### E. Hourly Rates in Excess of the Local Market

Power and Telephone next contends that SunTrust's fee award should be adjusted to reflect the fact that the hourly rates charged by SunTrust's out-of-town counsel exceed the reasonable rates of attorneys of similar experience in the local area of Memphis, Tennessee.  This Court "has broad discretion to determine what constitutes a reasonable hourly rate for an attorney." Wayne v. Village of Sebring, 36 F.3d 517, 532 (6th Cir. 1994), cert. denied, 514 U.S. 1127 (1995).  Generally, it is appropriate to apply local market rates to a party's fee application.  See Hudson v. Reno, 130 F.3d 1193, 1208 (6th Cir.

---

(...continued)
the parties' various agreements: (1) Section 10.4(iii) of the November 16, 1998, Restated Credit Agreement (Defs.' Ans. and Counterclaim, Ex. B at 76); (2) an identical Section 10.4(iii) of the 2000 Second Amended and Restated Credit Agreement (Id.); (3) Section 14(l) of the November 16, 1998, Restated Security Agreement (Defs.' Ans. and Counterclaim, Ex. B at 16-17); and (4) Paragraph F(1) of the August 31, 2000, Commitment Letter (Pl.'s Third Am. Compl., Ex. I at PT/S000209). (Order Granting in Part and Denying in Part Pl.'s Mot. to Dismiss Defs.' Counterclaim for Indemnification and Order Granting Defs.' Mot. for Summ. J. Regarding Defs.' Counterclaim (Docket No. 325) at 22-23.)  The various provisions provide that indemnification is appropriate for "reasonable fees actually incurred and disbursements of counsel incurred...," (Section 10.4(iii)), "reasonable fees and out-of-pocket expenses of Agent's and Lenders' attorneys..." (Section 14(l)), and "fees and disbursements of counsel..." (Paragraph F(1) of the August 31, 2000 Commitment Letter).  Thus, the language in the agreements does not provide for reimbursement for the work of a salaried in-house counsel.

1997)(finding no abuse of discretion by district court applying local market rates to fee petition), cert. denied, 535 U.S. 822 (1998), abrogated on other grounds by Pollard v. E.I. du Pont de Nemours & Co., 532 U.S. 843, 847 (2001).

SunTrust employed attorneys from the law firm of Sutherland, Asbill and Brennan, LLP, located in Atlanta, Georgia, to perform most of the litigation work in this case. However, SunTrust neither adjusted the rate charged by the Sutherland attorneys to comport with the local Memphis, Tennessee, legal market nor submitted any evidence to show that the rates charged were appropriate in the local market. Moreover, in its reply, SunTrust did not contest Power and Telephone's contentions regarding the appropriate local market rate to be charged for the legal services it received. Accordingly, in calculating SunTrust's fee award, the Court will look to the average hourly rates of SunTrust's local counsel from Bass, Berry and Sims, PLC ("Bass Berry"), to determine the appropriate local market rate for SunTrust's legal services.

SunTrust employed three partners and two counsel from Sutherland during this litigation. The average hourly rate of S. Lawrence Polk, Esq., SunTrust's lead attorney from Sutherland, was $396.47. (Counterclaim Pls.' Fee App., Ex. 1 (Decl. of S. Lawrence Polk) ¶ 5.) Mr. Polk is a very well-qualified attorney who has practiced law for over twenty years and possesses

9

extensive experience in securities litigation.  Sutherland
partners Warren Davis and Jamie Cain also performed work on the
instant case, at average hourly rates of $419.92 and $479.44,
respectively (Id., ¶5), as did counsel Alan Wolper and Jeff
Taylor, at respective average hourly rates of $374.93 and
$330.03. (Id., ¶ 6.)  By contrast, the hourly rate of SunTrust's
lead local counsel, Mr. John Speer, Esq., a partner at Bass
Berry, in Memphis, Tennessee, was $340.30. (Id., Ex. 3 (Decl. of
John Speer) ¶ 3.)  Mr. Speer is also a very well-qualified
attorney who possesses over thirty years of experience in
commercial litigation and the counseling of financial
institutions.

Several associates were employed by Sutherland during this
litigation.  In particular, associates Bryan Ward, Elena Parent
and Sam Almon respectively billed 558.03, 441.90, and 131.30
hours at average hourly rates of $210.09, $196.52, and $190.45.
(Counterclaim Pls.' Fee App., Ex. 1 ¶ 7.)[7]  By contrast, the
average rate billed by by Bass Berry for associate hours was
$162.29. (See Pl.'s Resp. and Obj. to Defs.'/Counterclaim Pls.'
Fee App. at 15.)

In consideration of the record, these attorneys' experience
and the relevant local market, the Court finds that it is

---

[7] Additionally, several other Sutherland associates billed a
total of 37.52 hours at various hourly rates. (Counterclaim Pls.'
Fee App., Ex. A pp. 1-2.)

appropriate to calculate SunTrust's fee award based upon the average hourly rates charged by attorneys at Bass Berry. Accordingly, SunTrust's fee award with respect to hours billed by partners S. Lawrence Polk, Warren Davis, and Jamie Cain, and counsel Alan Wolper, will be calculated based upon an average billing rate of $340.30.[8]  SunTrust's fee award with respect to hours billed by Sutherland associates will be calculated based upon an average billing rate of $162.29.

## F. Attorney Time Expended but not Billed to SunTrust

Power and Telephone next contends that the Court should exclude from its fee award time expended by SunTrust's attorneys but not actually billed to SunTrust.  In particular, Power and Telephone points to several billing entries which include the notation "no charge."  (See Pl.'s Resp. and Obj.'s to Defs.'/Counterclaim Pls.' Fee App., Ex. A.)  Although SunTrust admits that it was not actually charged regarding billing entries marked "no charge" (See Reply Brief of Defs./Counterclaim Pls. in Supp. of Fee App. at 4), SunTrust nonetheless contends that it is entitled to collect those fees because they were "incurred" pursuant to the parties' agreements.  However, "[h]ours that are not properly billed to one's client are not properly billed to one's adversary ...."  Hensley, 461 U.S. at 434.  Moreover, the

---

[8] The average hourly billing rate of counsel Jeff Taylor was $330.03.  Accordingly, no reduction in his average hourly billing rate is necessary.

11

Court finds that the plain language of the parties'
indemnification agreements does not support SunTrust's contention
that such fees were "incurred" even though SunTrust was not
charged.   Accordingly, SunTrust is not entitled to collect fees
for services for which it was not charged.   SunTrust's fee award
will therefore be reduced by the amount of attorney's fees
requested for which SunTrust was not charged.

Power and Telephone specifically requests that SunTrust's
fee award be reduced by $94,154.50 for services performed by its
attorneys but not billed to SunTrust.   That figure was arrived at
by adding together the amount of all billing entries submitted
along with SunTrust's fee application that were marked with the
notation "no charge." (See Pl.'s Sur-Reply to Defs.' Reply to
Resp. and Obj. to Defs.'/Counterclaim Pls.' Fee App., Ex. 1 (Aff.
of Cannon F. Allen) ¶ 7.)   Because Power and Telephone's proposed
reduction of $94,154.50 was calculated based upon the billing
rates charged by Sutherland attorneys, awarding the full
$94,154.50 reduction would result in too great a reduction in
SunTrust's fee award.   Accordingly, the reduction will be
adjusted to reflect the appropriate hourly rate in the local
Memphis, Tennessee market.   The majority of work performed on
behalf of SunTrust in this case was billed by SunTrust partners
and counsel, for which the Court has found that the appropriate
hourly rate is $340.40.   That figure represents a reduction of

12

approximately 15% from the rates charged by the Sutherland partners and counsel. The Court will therefore decrease the amount of the non-charged fee reduction by 15% to $80,031.32. That amount will be deducted from SunTrust's total fee award.

### G. Other Uncontested Fees

SunTrust also incurred the following fees which were not specifically contested by Power and Telephone. One partner and seven associates at Bass Berry billed 104.60 hours at an average hourly rate of $162.70 for total fees of $17,018.42. (Counterclaim Pls.' Fee App., Ex. 3 (Decl. of John Speer) ¶ 3.) Paralegal Rhonda Lapusnak of Bass Berry billed 67.6 hours at an average hourly rate of $137.60 for a total fee of $9,301.76. (Id. ¶ 4.) Other paralegals and legal assistants at Bass Berry billed 40.8 hours at an average hourly rate of $108.08 for total fees of $4,410.04. (Id.) Paralegal Caroline Smith of Sutherland billed 238.84 hours at an average hourly rate of $142.06 for a total fee of $33,929.61. (Counterclaim Pls.' Fee App., Ex. 1 ¶ 8.) Those fees are awarded to SunTrust in full.

### H. Uncontested Expenses

SunTrust also includes in its fee application a request for expenses paid by or on behalf of SunTrust in connection with this litigation. Power and Telephone does not object to SunTrust's request for expenses. Accordingly, the Court awards $79,637.71 in expenses paid directly by SunTrust (Defs.' Fee App., Ex. 2 ¶

13

4), $97,749.22 in expenses advanced by Sutherland (Id., Ex. 1 ¶ 9), and $7,955.16 in expenses advanced by Bass Berry. (Id., Ex. 3 ¶ 5.)

Additionally, in its reply brief, SunTrust noted that it has incurred $8,042.00 in attorney's fees and $1,281.92 in expenses charged by Sutherland (See Supp'l Decl. of S. Lawrence Polk, attached as unnumbered exhibit to Reply Brief of Defs./Counterclaim Pls. in Supp. of Fee App., ¶ 2), and $1,786.00 in attorney's fees and $245.58 in expenses charged by Bass Berry since the filing of its original fee application. (See Supp'l Decl. of John Speer, attached as unnumbered exhibit to Reply Brief of Defs./Counterclaim Pls. in Supp. of Fee App.) The Court finds, for the reasons stated above, that a 15% reduction in the attorney's fees charged by Sutherland is appropriate and therefore the Court will award $6,835.70 in attorney's fees charged by Sutherland. Accordingly, having considered Power and Telephone's objections with respect to SunTrust's supplemental request, the Court finds that SunTrust is entitled to a supplemental award of $8,621.70 in attorney's fees and $1,527.50 in expenses.

14

## IV. CALCULATION OF FEE AWARD

In accordance with the above findings, the Court makes the following fee award:

### A. Attorney's Fees:

| Firm | Attorney | Hours | Hourly Rate | Total |
|------|----------|-------|-------------|-------|
| Sutherland | Polk | 1002.77 | $340.30 | $341,242.63 |
| Sutherland | Wolper | 28.81 | $340.30 | $9,804.04 |
| Sutherland | Taylor | 14.19 | $330.03 | $4,683.13 |
| Sutherland | Davis | 6.00 | $340.30 | $2,041.80 |
| Sutherland | Cain | 1.00 | $340.30 | $340.30 |
| Sutherland | Ward | 558.03 | $162.29 | $90,562.69 |
| Sutherland | Parent | 441.90 | $162.29 | $71,715.95 |
| Sutherland | Almon | 131.30 | $162.29 | $21,308.68 |
| Sutherland | Other Associates | 37.52 | $162.29 | $6,089.12 |
| Bass Berry | Speer | 219.30 | $340.30 | $74,627.79 |
| Bass Berry | Other Partners/Associates | 104.60 | $162.70 | $17,018.42 |
| Bass Berry | Lapusnak (Paralegal) | 67.60 | $137.60 | $9,301.76 |
| Bass Berry | Other Paralegals/Legal Assistants | 40.80 | $108.08 | $4,410.04 |
| Sutherland | Smith (Paralegal) | 238.84 | $142.06 | $33,929.61 |
| Sutherland/ Bass Berry | Supplemental Award | | | $8,621.70 |
| Total | | | | $695,697.66 |

15

**B. Uncontested Costs and Litigation Expenses:**

| | |
|---|---:|
| Paid Directly by SunTrust | $79,637.71 |
| Advanced by Sutherland | $97,749.22 |
| Advanced by Bass Berry | $7,955.16 |
| Supplemental Award | $1,527.50 |
| **Total** | **$186,869.59** |

**C. Non-Charged Hours Reduction**

| | |
|---|---:|
| Total Amount of Non-Charged Hours | <$94,154.50> |
| 15% Adjustment for Local Market Rates | $14,123.18 |
| **Total** | **<$80,031.32>** |

**D. Total Fee Award**

| | |
|---|---:|
| Attorney's Fees | **$695,697.66** |
| Costs and Litigation Expenses | $186,869.59 |
| Non-Charged Hours Reduction | <$80,031.32> |
| **Total** | **$802,535.93** |

## V. CONCLUSION

For the reasons stated, SunTrust's fee application is GRANTED in part and DENIED in part. The Court hereby awards SunTrust fees and expenses in the amount of $802,535.93.

So ORDERED this 25 day of July, 2005.

JON P. McCALLA
UNITED STATES DISTRICT JUDGE

16

# UNITED STATES DISTRICT COURT - WESTERN DISTRICT OF TENNESSEE



# Notice of Distribution

This notice confirms a copy of the document docketed as number 372 in case 2:03-CV-02217 was distributed by fax, mail, or direct printing on July 26, 2005 to the parties listed.

---

Cannon F. Allen
ARMSTRONG ALLEN, PLLC
80 Monroe Avenue
Ste. 700
Memphis, TN 38103--246

John C. Speer
BASS BERRY & SIMS PLC
100 Peabody Place
Ste. 900
Memphis, TN 38103

S. Lawrence Polk
SUTHERLAND ASBILL & BRENNAN LLP
999 Peachtree Street N.E.
Atlanta, GA 30309--399

Elena C. Parent
SUTHERLAND ASBILL & BRENNAN LLP
999 Peachtree Street N.E.
Atlanta, GA 30309--399

Sara Margaret Falkinham
ARMSTRONG ALLEN, PLLC
80 Monroe Avenue
Ste. 700
Memphis, TN 38103--246

Honorable Jon McCalla
US DISTRICT COURT