IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
WESTERN DIVISION

FILED BY _____ D.C.

05 AUG 29 PM 2:49

THOMAS M. GOULD
CLERK, U.S. DISTRICT COURT
W/D OF TN, MEMPHIS

| | | |
|---|---|---|
| POWER & TELEPHONE SUPPLY COMPANY, INC., | ) ) ) | |
| Plaintiff and Counter-Defendant, | ) ) ) ) | |
| v. | ) ) | No. 03-2217 Ml/V |
| SUNTRUST BANKS, INC., SUNTRUST BANK, SUNTRUST BANK-ATLANTA, SUNTRUST BANK-NASHVILLE, N.A., SUNTRUST EQUITABLE SECURITIES CORPORATION, and SUNTRUST CAPITAL MARKETS, INC., | ) ) ) ) ) ) ) ) | |
| Defendants and Counter-Plaintiffs. | ) ) | |

## ORDER GRANTING MOTION FOR STAY ON APPEAL

Before the Court is the Motion for Stay on Appeal of Plaintiff Power and Telephone Supply Company, Inc. ("Power and Telephone"), filed August 5, 2005. Defendants SunTrust Banks, Inc., SunTrust Bank, and SunTrust Capital Markets, Inc., filed a response in opposition on August 16, 2005. Plaintiff filed a Reply Memorandum in Support of Motion for Stay on Appeal on August 24, 2005. For the following reasons, the plaintiff's motion for Stay pending Appeal is GRANTED. The amount of the supersedas bond is fixed at $850,000.00.

This document entered on the docket sheet in compliance
with Rule 58 and/or 79(a) FRCP on 8-29-05

379

**DISCUSSION**

On May 10, 2005, the Court granted Defendants' motion for summary judgment regarding all of Plaintiff's claims against Defendants. On May 11, 2005, the Court granted in part and denied in part Defendants' motion for summary judgment regarding its claim for indemnification of attorney's fees and costs incurred in defending Plaintiff's claims. On June 9, 2005, Plaintiff filed a notice of appeal to the United States Court of Appeals for the Sixth Circuit regarding the Court's order granting Defendants' motion for summary judgment on all of Plaintiff's claims. On July 25, 2005, the Court granted Defendants' fee application and ordered Plaintiff to pay $802,535.93 in attorney's fees and costs to Defendants. On August 29, 2005, the Court entered a final judgment in this case dismissing all of Plaintiff's claims and entering judgment in favor of Defendants in the amount of $802,535.93 on their counterclaim.

Plaintiff requests that the Court stay the enforcement of the judgment in this case pending the resolution of Plaintiff's appeal. Plaintiff has offered to post a supersedas bond in the amount of $802,535.93 in order to secure the stay. Defendants contend that Plaintiff's proposed bond is insufficient because Plaintiff has failed to indicate what surety it proposes to use

and that the amount of the bond does not provide full security to Defendants.

Federal Rule of Civil Procedure 62(d) provides that a party may obtain a stay of enforcement of a judgment by giving a supersedas bond at or after the time of filing a notice of appeal. Fed. R. Civ. P. 62(d). A stay is effective when the supersedas bond is approved by the court. Id. The purpose of a supersedas bond is to preserve the status quo while protecting the non-appealing party's rights pending appeal. Poplar Grove Planting and Ref. Co. v. Bache Halsey Stuart, Inc., 600 F.2d 1189, 1190 (5th Cir. 1979). As a general rule, courts are to require full security when an unconditional money judgment is stayed pending appeal. Cobb v. Time, Inc., No. 3:94-0836, 2000 U.S. Dist. LEXIS 21786, at *3 (M.D. Tenn. May 23, 2000)(citation omitted). Full security generally includes the whole amount of the judgment remaining unsatisfied, costs on appeal, interest and damages for delay. Id. (citation omitted).

Plaintiff has offered to post a bond for the full amount of the judgment in this case - $802,535.93. Defendants contend that Plaintiff should post a bond for at least $1 million with an appropriately rated surety company in order to account for post-judgment interest and attorney's fees and costs on appeal. Alternatively, Defendants request that the Court place certain financial restrictions on Plaintiff. Having reviewed the record

3

and the parties' submissions, the Court finds that a supersedas bond in the amount of $850,000.00 will suffice to protect Defendants' interests and appropriately preserve the status quo pending appeal.

The stay will be effective upon compliance with the provisions of Rule 62(d) of the Federal Rules of Civil Procedure.[1]

So ORDERED this 29 day of August, 2005.

JON P. McCALLA
UNITED STATES DISTRICT JUDGE

---

[1] Should Defendants have any objection to the relevant rating of the surety company proposed by Plaintiff or any evidence that Plaintiff's financial condition may jeopardize its ability to satisfy the judgment, Defendants may raise those concerns at that time.

4

# UNITED STATES DISTRICT COURT - WESTERN DISTRICT OF TENNESSEE



# Notice of Distribution

This notice confirms a copy of the document docketed as number 379 in case 2:03-CV-02217 was distributed by fax, mail, or direct printing on August 29, 2005 to the parties listed.

---

Cannon F. Allen
ARMSTRONG ALLEN, PLLC
80 Monroe Avenue
Ste. 700
Memphis, TN 38103--246

John C. Speer
BASS BERRY & SIMS PLC
100 Peabody Place
Ste. 900
Memphis, TN 38103

Elena C. Parent
SUTHERLAND ASBILL & BRENNAN LLP
999 Peachtree Street N.E.
Atlanta, GA 30309--399

S. Lawrence Polk
SUTHERLAND ASBILL & BRENNAN LLP
999 Peachtree Street N.E.
Atlanta, GA 30309--399

Sara Margaret Falkinham
ARMSTRONG ALLEN, PLLC
80 Monroe Avenue
Ste. 700
Memphis, TN 38103--246

Honorable Jon McCalla
US DISTRICT COURT